IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| REBECCA A. YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-517 |
| | ) | |
| JEFFREY J. HANNAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendant Hyundai Motor America, Inc.'s Motion for Summary Judgment" [doc. 43] and "Defendant Hyundai Motor America, Inc.'s Supplemental Motion for Summary Judgment"[doc. 49]. Plaintiff has filed a response to the original motion for summary judgment [doc. 45]. Also before the court is the "Motion for Summary Judgment on Behalf of Enterprise Rent-A-Car Company of Tennessee" [doc. 47]. Plaintiff has filed a response to this motion [doc. 51].

The court has determined that oral argument is unnecessary, and the motions are ripe for the court's consideration. For the reasons stated herein, the motions for summary judgment will be granted, and defendants Hyundai Motor America, Inc. ("Hyundai") and Enterprise Rent-A-Car Company of Tennessee ("Enterprise")will be dismissed from this case.

I.

*Background*

This case stems from an automobile accident that occurred on November 11, 2004, in Blount County, Tennessee between plaintiff and defendant Jeffrey Hanan ("Hanan").[1] Hanan was driving a car he had rented from defendant Enterprise. The rental car was a 2003 Hyundai Elantra. This lawsuit was filed November 9, 2005.

In his answer to the original complaint [doc. 15], Hanan stated the following as an affirmative defense:

> For further affirmative defense, Defendant avers that should the evidence indicate that maintenance of the vehicle in question, or design of the same, was faulty, defective or otherwise instrumental in causing the incident, Enterprise Rent-A-Car Company of Tennessee . . . was the owner of the vehicle, and its fault or other culpability, if any, should be considered in accordance with the comparative fault principles of the State of Tennessee.

As a result of this assertion, plaintiff amended her complaint in accordance with Tennessee law to bring a direct action against Enterprise for negligence in the maintenance of the rental car and against Hyundai for products liability in its design and manufacture of the rental car.

---

[1] Defendant Hanan was incorrectly identified as Jeffrey J. Hannan in the original complaint.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc*., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the

motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

A. Hyundai's Motions for Summary Judgment

Hyundai argues that plaintiff has not proffered any competent expert testimony in support of her allegations of a design or manufacturing defect. Hyundai also argues in its supplemental motion that the deadline for disclosure of experts has past and plaintiff has not identified any expert witness who will testify that the 2003 Elantra was defective or unreasonably dangerous and that plaintiff has in fact not opposed Hyundai's motion.

In support of its motion, Hyundai has submitted the affidavit of Steve R. Johnson an engineer employed by Hyundai as the National Manager of Engineering and Design Analysis. Johnson states in his affidavit that he inspected the subject 2003 Elantra, including the steering system, and opines within a "high degree of technical probability and reasonable degree of certainty that the steering system in the subject 2003 Elantra was not

4

designed, manufactured, tested and/or sold in a defective or unreasonably dangerous condition."

In her response to Hyundai's motion for summary judgment [doc. 45], plaintiff states as follows:

> Comes the Plaintiff, Rebecca A. Yates, and responds to Defendant Hyundai Motor America, Inc.'s Motion for Summary Judgment by stating that the Plaintiff has no evidence to refute the request for Summary Judgment, other than the statement of Defendant Jeffery J. Hanan (referred to in Complaint as Jeffrey J. Hannan) that his motor vehicle accident occurred due to the defective or unreasonably dangerous condition of the 2003 Hyundai Elantra he was operating at the time of the accident.

Under Tennessee law, in a products liability action, "a plaintiff must prove that the product was either defective or unreasonably dangerous at the time it left the control of the manufacturer or seller, regardless of the legal theory relied upon." *Shoemake v. Omniquip Int'l, Inc.*, 152 S.W.3d 567, 572 (Tenn. Ct. App. 2003) (citing *Fulton v. Pfizer Hosp. Prods. Group, Inc.*, 872 S.W.2d 908, 911 (Tenn. Ct. App. 1993)). An injury itself is not proof of a defect, and it does not raise a presumption of defectiveness. *Shoemake*, 152 S.W.3d at 573 (citing *Fulton*, 872 S.W.2d at 911). "The burden is upon the plaintiff to 'show that there is something wrong with the product.'" *Fulton*, 872 S.W.2d at 911-12 (quoting *Tatum v. Cordis Corp.*, 758 F.Supp. 457, 461 (M.D. Tenn. 1991)). Further, expert testimony is required to show that the product was defective or unreasonably dangerous when it left the manufacturer's control. *Fulton*, 872 S.W.2d at 912.

Hyundai has fulfilled its initial burden under summary judgment by presenting proof that the subject 2003 Elantra was not defective or unreasonably dangerous. In order to defeat summary judgment, plaintiff must present probative evidence that supports the complaint and puts at issue whether the 2003 Elantra was defective or unreasonably dangerous. No such evidence has been presented. Plaintiff has in fact stated that she has nothing to refute Hyundai's motion other than Hanan's statement in his answer that the accident occurred as a result of the defective or unreasonably dangerous condition of the 2003 Elantra. Hanan's unsupported statements are insufficient to defeat summary judgment. Therefore, no material issues of fact have been raised, and summary judgment in favor of Hyundai is appropriate.

B. Enterprises's Motion for Summary Judgment

As referenced above, Hanan also asserted in his answer the affirmative defense of comparative negligence against Enterprise concerning the maintenance of the 2003 Elantra. Plaintiff amended her complaint to allege that Enterprise failed to properly maintain the vehicle and that this failure caused the vehicle to collide with plaintiff's truck.

In support of its motion, Enterprise has offered the affidavits of Lisa Sullivan ("Sullivan"), the Loss Control Supervisor for Enterprise Rent-A-Car Company of Tennessee, and Dr. Jeffrey Hodgson ("Dr. Hodgson"), a mechanical engineer and retired professor from the University of Tennessee ("UT"). While at UT, Dr. Hodgson supervised and sponsored

programs concerning auto inspection and technologies.

In her affidavit, Sullivan states that prior to the subject accident there were no problems with the steering, tire or brakes on the Elantra, and she lists the vehicle's maintenance record, identifying the dates and service performed. Dr. Hodgson states in his affidavit that he inspected the subject Elantra, focusing on the car's steering system and one available tire. He found the tire did not exhibit abnormal or unusual wear and that the steering system was operational. He opines that based upon his experience, training, and inspection of the vehicle that the "tire and steering system of the 2003 Hyundai Elantra were properly maintained." He further opines "within a reasonable degree of certainty that the accident was not as the result of any improper or lack of maintenance of the steering system or tire on the 2003 Hyundai Elantra."

In response to Enterprise's motion, plaintiff states, as she did in response to Hyundai's motion, that she has no evidence to refute the request for summary judgment other than the statement made by Hanan in his answer to the complaint. Thus, there is no probative evidence supporting the complaint or refuting Enterprise's evidence that the 2003 Elantra was properly maintained. Since there are no material issues of fact concerning the vehicle's maintenance, summary judgment in favor of Enterprise is appropriate.

Accordingly, the motions for summary judgment filed by Hyundai and Enterprise will be granted, and both defendants will be dismissed. An order reflecting this opinion will be entered.

ENTER:


            s/ Leon Jordan
    United States District Judge